## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **Jakuta Diodes, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.  6:16-cv-01176** |
| **v.** | § | |
| | § | |
| **Cree, Inc., a North Carolina** | § | |
| **corporation,** | § | **JURY TRIAL** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jakuta Diodes, LLC, ("Jakuta" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Cree, Inc. ("Defendant") makes the following allegations.  These allegations are made upon information and belief.

### NATURE OF THE ACTION

1.     This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,079,854 ("the '854 Patent").

### PARTIES

2.     Plaintiff Jakuta Diodes, LLC is a Texas limited liability company with its principal office located in Texas, at 211 East Tyler Street, Suite 600-A, Longview, Texas 75601.

3.     Defendant Cree, Inc. is a corporation incorporated under the laws of the State of North Carolina having an office and principal place of business at 4600 Silicon Drive, Durham, North Carolina 27703-8475.

## JURISDICTION AND VENUE

4.     This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6.     This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at the State of Texas and this district.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, at a minimum, Defendant is subject to this Court's personal jurisdiction in that the acts and transactions including the sale of consumer electronic products, which incorporate the technology covered by the patents identified herein through the State of Texas and this district.

## FACTS

8.     Plaintiff is the owner, by assignment, of U.S. Patent No. 6,079,854 ("the '854 Patent"), entitled "Device and Method for Diffusing Light," which was duly and legally issued on June 27, 2000 by the United States Patent and Trademark Office ("USPTO").

9.     A copy of the '854 Patent is attached to this Complaint as Exhibit A.

10.     The claims of the '854 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a) ('307 PATENT)
## (AGAINST DEFENDANT)

11.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     Defendant makes, has made, sells, offer for sale, uses and/or imports into the United States, Light emitting diode ("LED") lamps, components and lighting systems, including without limitation all lighting systems including Defendant's DiamondFacet™ Lenses and WaveMax™ Technology ("Accused Product(s)").

13.     Each of the Accused Product(s) uses a method of diffusing light, including providing a light source from which light radiates, namely the Cree® LED. See Exhibit B.

14.     Each of the Accused Products interrupts the light with a substantially transparent member, namely the "Total Internal Reflection (TIR)" optics, which are "a fundamental property of light waves passing through materials like glass or plastic that is denser than the surrounding medium, say air." See Exhibit B.

15.     Each of the Accused Products segregate a substantial portion of the light to a plurality of channels within the member, including passing the light through the DiamondFacet™ Lenses of the TIR optics. See Exhibit B.

16.     Each of the Accused Products disperses the light transmitted in a widening ray along the plurality of channels using the DiamondFacet™ Lenses and WaveMax™ Technology. See Exhibit B.

17.     Each of the Accused Products also radiates a diffused pattern of light emitted from the plurality of channels using the DiamondFacet™ Lenses and WaveMax™ Technology. See Exhibit B.

18.     Each one of the elements of the Accused Product(s), itemized in paragraphs 13-17 above, is an element in Claim 27 of the '854 patent.

19.     Thus, each of the Accused Products infringes at least Claim 27 of the '854 patent.

20.     Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '854 patent.

21.     As a direct and proximate result of Defendant's infringement of the '854 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A.     In favor of Plaintiff that Defendant has infringed one or more claims of the '854 Patent, either literally or under the doctrine of equivalents;

B.     Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '854 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C.     For such other and further relief as may be just and equitable.

///
///
///
///
///
///
///
///
///
///
///
///
///

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

DATED:  September 21, 2016          Respectfully submitted,

*/s/ Rasheed M. McWilliams*
Rasheed M. McWilliams
CA Bar No. 281832
rasheed@cotmanip.com
Daniel C. Cotman
CA Bar No. 218315
dan@cotmanip.com
Obi I. Iloputaife
CA Bar No. 192271
obi@cotmanip.com
Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413/FAX (626) 316-7577